# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILDCAT LICENSING WI LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AUDI AG and VOLKSWAGEN AG, )<br>)<br>Defendants. )<br>_____ ) | C.A. No. 19-833-MN-JLH |
| )<br>)<br>WILDCAT LICENSING WI LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAYERISCHE MOTOREN WERKE AG, )<br>BMW MANUFACTURING CO., LLC, and )<br>BMW OF NORTH AMERICA, LLC, )<br>)<br>Defendants. )<br>_____ ) | C.A. No. 19-834-MN-JLH |

## **REPORT AND RECOMMENDATION**

Pending before the Court are (1) Audi AG's Motion to Dismiss Wildcat Licensing WI LLC's Complaint under Federal Rules of Civil Procedure 12(b)(5), 4(f) and 4(m) (C.A. No. 19-833, D.I. 11); and (2) Bayerische Motoren Werke AG's Motion to Dismiss for Lack of Service under Federal Rule of Civil Procedure 12(b)(5) (C.A. No., 19-834, D.I. 58). As announced at the telephonic hearing on September 11, 2020, I recommend DENYING both motions.

My Report and Recommendation was announced from the bench at the conclusion of the hearing as follows:

In *Wildcat v. BMW AG, et al.*, C.A. No: 19-834, the foreign defendant, BMW AG, has moved to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. And in *Wildcat v. Audi AG, et al.*, C.A. No: 19-833, Audi AG has likewise moved to dismiss under Rule 12(b)(5). For the reasons I will explain, I recommend that both motions be denied.

The motions at issue are similar in many respects. The main difference between the cases is that, in No. 19-834, Wildcat also named two domestic corporate defendants who were served three days after Wildcat filed its Complaint in May 2019. Those two defendants, BMW of North America, LLC, and BMW Manufacturing Company, LLC, who are represented by the same counsel as BMW AG, have been participating in the matter, and are on a case schedule that was ordered in November 2019 in a number of related cases brought by Wildcat. (No. 19-834, D.I. 32 (Scheduling Order).) Wildcat previously asked counsel for the U.S. BMW entities if they would accept service on BMW AG's behalf, but that request was denied. The Complaint in No. 19-833 names only foreign defendants, Audi AG and Volkswagen AG. No scheduling order has yet been entered in No. 19-833, and the record does not reflect whether Volkswagen has been served.

Aside from that difference, the procedural histories are similar. Wildcat filed the Complaints on May 6, 2019. (No. 19-833, D.I. 1; No. 19-834, D.I. 1.) On May 30, 2019, Wildcat contacted a vendor to translate into German the documents necessary to serve BMW pursuant to the Hague Convention. On June 10, 2019, Wildcat did the same thing with the Audi documents. On June 11, the vendor quoted Wildcat a 15 to 20-day turnaround time for the translations. On June 14, Wildcat authorized the vendor to proceed.

Wildcat received the translated documents necessary to serve both defendants on July 17, 2019, a little over two months after the case was filed. However, Wildcat did not move for the issuance of Letters Rogatory to serve BMW AG and Audi AG until October 11, 2019. According, to Wildcat, the time spent between July 17, 2019 and September 26, 2019 was spent reviewing and finalizing the translations.

The Court granted Wildcat's motions for issuance of Letters Rogatory on October 18, 2019. (No. 19-833, D.I. 9; No. 19-834, D.I. 25.) Wildcat received the translated copies of the Court's order on October 28, 2019 and mailed the documents to the German Central Authority on October 30, 2019.

One of the Court's forms, which allows the parties to consent to the jurisdiction of a magistrate judge, was not translated into

2

German. Accordingly, the German Central Authority rejected Wildcat's papers.

On February 11, 2020, Wildcat received a January 21, 2020 letter from the Ingolstadt German District Court indicating that service on Audi AG could not be completed because the magistrate judge consent form was not translated into German. Three days later, Wildcat resubmitted the documents without the offending form. Audi AG was ultimately served on May 15, 2020. (D.I. 12 at 1.) Audi requested additional time to respond to the Complaint, and Wildcat and Audi filed a stipulation extending the time to respond to July 6, 2020. (No. 19-833, D.I. 10.) Then, on July 6, 2020, Audi file a motion to dismiss on the basis that it had not been timely served. (No. 19-833, D.I. 11.)

Wildcat contends that it never received notice from the German authorities that its BMW papers had been rejected. BMW, at some point, found out about the rejection and filed a motion to dismiss on June 10, 2020. (No. 19-834, D.I. 58.) On June 16, 2020, Wildcat asked BMW AG to waive service, which it again declined. On June 24, 2020, Wildcat resubmitted the BMW AG papers to the German Central Authority. BMW was served on July 20, 2020. (No. 19-833, D.I. 64 at 1.)

There is no dispute that Audi AG and BMW AG have now been served in accordance with the Hague Convention and Federal Rule of Civil Procedure 4(f). Defendants, however, argue that service was untimely and that the Complaints should, therefore, be dismissed with or without prejudice.

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for insufficiency of service of process. When assessing a motion under Rule 12(b)(5), "the party asserting the validity of service bears the burden of proof on that issue."[1]

Federal Rule of Civil Procedure 4(m) says the following about the time limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

---

[1] *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

3

> But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) . . . .

Fed. R. Civ. P. 4(m). Thus, there is no requirement in the Federal Rules of Civil Procedure that a foreign corporation be served within a particular time. Nor has the Third Circuit Court of Appeals imposed such a requirement. Accordingly, the Court is not required to dismiss the Complaints against BMW AG and Audi AG.

That said, many of the other Circuit Courts of Appeals have indicated that the time in which to serve a foreign defendant is not unlimited, and they have held that district courts have discretion to dismiss a complaint where the plaintiff does not start the Hague process before the 90-day period set forth in Rule 4(m) or otherwise show diligence. Those courts have fashioned various tests, including a "flexible due diligence" standard.[2]

Even if the Third Circuit were to adopt some version of one of those tests, and I imagine it would, it would not change two things. One, under Third Circuit law, even when the plaintiff lacks good cause for its failure to timely serve, whether to dismiss is within the district court's discretion.[3] No one here is disputing that. And, two, it is and has been the law of the Third Circuit for more than seventy-five years that a dismissal for insufficient service of process is required to be without prejudice to refile.[4]

So even if I agreed with Defendants that Wildcat's failure to act diligently supported dismissal, that dismissal would be without prejudice to refile new complaints and re-serve in accordance with the Hague Convention.

---

[2] *See, e.g., Lozano v. Bosdet*, 693 F.3d 485, 488-489 (5th Cir. 2012) (adopting "flexible due diligence" standard under which court may dismiss without prejudice where plaintiff failed to attempt service with reasonable diligence); *see also* 1 Moore's Federal Practice - Civil § 4.52 n.45 (2020) (citing cases from the Courts of Appeals for the First, Fifth, Seventh, Ninth, Eleventh, and D.C. Circuits).

[3] *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

[4] *Umbenhauer v. Woog*, 969 F.2d 25, 30 n.6 (3d Cir. 1992) ("[W]e have held that dismissals under Fed. R. Civ. P. 4([m]) . . . and 12(b)(5) must be entered without prejudice." (citing *Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871, 875 (3d Cir. 1944)).

In my mind, it would be inefficient and a waste of this Court's resources and the German Central Authority's resources to dismiss these complaints—which no one disputes have now been properly served except for the timeliness issue—just to make Wildcat file new cases, request new Letters Rogatory, and serve again. I see no purpose in doing that, and I recommend that the Court therefore decline to exercise its discretion to dismiss the Complaints.

And I note that this is not a case where letting Wildcat proceed on these complaints, as opposed to making it file new complaints, would prejudice the defendants. Audi AG has pointed out that the date of filing has implications for the amount of damages Wildcat can recover under 35 U.S.C. § 286, which states that "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint . . . ."[5] But I don't think that's a reason to dismiss the Complaints and make Wildcat refile and go through the Hague process again. If a defendant has an argument as to why Wildcat's damages period should be limited as a result of its delay in serving the Complaint, it can raise it at the appropriate time.

BMW AG and Audi AG have also argued that the Complaints should be dismissed because they would suffer prejudice by being forced to comply with the current schedule. But that argument presupposes that denying the motions to dismiss means that the newly served defendants will be stuck with the current scheduling order. That is not necessarily the case. The moving defendants can be put on a separate schedule or the schedule can be modified. That is the same thing that would likely happen if I forced Wildcat to refile. The fact that the current schedule may not work for the moving defendants is not a reason to dismiss the Complaints and make Wildcat file new complaints.[6]

I also note for the record, again, that I have read all the cases cited and I am unpersuaded that they support dismissal in light of the Third Circuit law I previously mentioned.

For those reasons, I recommend that both motions to dismiss be denied.

---

[5] 35 U.S.C. § 286.

[6] At the conclusion of the September 11, 2020 hearing, I ordered the parties to submit joint letters setting forth their proposals for scheduling.

5

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B),(C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in this district.

The parties are directed to the Court's "Standing Order for Objection Filed Under Fed. R. Civ. P. 72," dated October 9, 2013, a copy of which can be found on the Court's website.

Dated: September 29, 2020

Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE